IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH

| | |
|---|---|
| JOHNNY RAY CALDWELL, | **MEMORANDUM DECISION AND ORDER** |
| Plaintiff, | |
| vs. | Case No. 2:14-CV-747 TS |
| GUARDIAN & CONSERVATOR SERVS. et al., | District Judge Ted Stewart |
| Defendants. | |

Plaintiff, Johnny Ray Caldwell, an inmate at Salt Lake County Metro Jail, filed a civil complaint against Defendants, all apparently related to the Social Security Administration. He applies to proceed *in forma pauperis*. As discussed below, the Court concludes that Caldwell must pay the filing fee in full before this case can proceed.

The *in forma pauperis* statute authorizes a court to let an indigent prisoner file a complaint in federal court without prepaying the filing fee.[1] But, it also restricts those who have repeatedly filed complaints that are frivolous or fail to state a valid claim. The relevant portion of the statute provides:

> In no event shall a prisoner bring a civil action . . . under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.[2]

---

[1] 28 U.S.C.S. § 1915(a) (2014).

[2] *Id.* § 1915 (g).

"These fee provisions are intended 'to reduce frivolous prisoner litigation by making all prisoners seeking to bring lawsuits or appeals feel the deterrent effect created by liability for filing fees.'"[3]

Caldwell has filed three cases that have been dismissed as frivolous or failing to state a claim.[4] Section 1915(g) applies here because Caldwell was a prisoner when filing this complaint, and he has filed three or more prior cases or appeals in federal court that have been dismissed as frivolous or failing to state a claim. The language of section 1915(g) is mandatory. Thus, a federal prisoner who falls within the three-strikes provision must prepay the entire filing fee before his claims may proceed. Caldwell has not (credibly) alleged that he "is in imminent danger of serious physical injury"; therefore, he does not come within the exception to section 1915(g).

## ORDER

Caldwell is ineligible to proceed without prepaying the filing fee here because he has filed three or more cases or appeals in federal court which have been dismissed as frivolous or failing to state a claim, and the complaint does not fall within the three-strikes exception.

---

[3] *Cosby v. Meadors*, 351 F.3d 1324, 1327 (10th Cir. 2003) (quoting *In re Smith*, 114 F.3d 1247, 1249 (D.C.Cir. 1997)).

[4] *Caldwell v Utah State Prison*, 2:05-CV-740-TS (D. Utah July 5, 2007) (dismissing case as frivolous under 28 U.S.C.S. § 1915(e)(2)(B)); *Caldwell v. Utah State Tax Comm'n*, No. 2:05-CV-226-PGC (D. Utah Nov. 29, 2005) (dismissing case under 28 U.S.C. § 1915(e)(2)(B) because Plaintiff sought monetary judgment from state entity immune from suit under Eleventh Amendment); *Caldwell v Utah State Prison*, 2:04-CV-176-DAK (D. Utah July 27) (dismissed for failure to state claim), *aff'd*, No. 05-4046 (10th Cir. June 25, 2005).

Therefore, Caldwell is **DENIED** permission to further proceed IFP. He is **ORDERED** to pay the entire $350 statutory filing fee within thirty days from the date of this order. Failure to do so will result in the dismissal of the complaint.

October 21st, 2014.

BY THE COURT:

_____
TED STEWART
United States District Judge